UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KRISTIN J. K-M,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. C23-5395-MLP<br><br>ORDER |

## I.  INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing a medical opinion. (Dkt. # 8.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.  BACKGROUND

Plaintiff was born in 1976, has one year of college education with job training in animal research, and worked most recently as a program coordinator at the University of Washington. AR at 175, 1122. Plaintiff was last gainfully employed in 2018. *Id.* at 39.

ORDER - 1

In July 2018, Plaintiff applied for benefits, alleging disability as of January 5, 2018. AR at 156-57. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 97-99, 101-03, 106-07. After an October 2020 hearing, ALJ Richard Hlaudy issued a decision finding Plaintiff not disabled on November 4, 2020. *Id.* at 30-65, 15-25. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. *Id.* at 1-6. Plaintiff appealed to this Court, and on November 16, 2021, the Honorable S. Kate Vaughan reversed and remanded on a single issue, requiring the ALJ to reconsider state agency non-examining psychologist Dr. Bruce Eather's opinion regarding Plaintiff's limitations with supervisors. *Id.* at 1149-50, 1153-54 (C21-5320-SKV, dkt. # 14).

The case was subsequently assigned to a new ALJ, ALJ Laura Valente, and in January 2023, ALJ Valente held another hearing. AR at 1116-41. On February 27, 2023, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 1095-1110.

Using the five-step disability evaluation process, the ALJ found that Plaintiff has the following severe impairments: obesity, fibromyalgia, degenerative disc disease, right shoulder arthritis, rheumatoid arthritis, posttraumatic stress disorder ("PTSD"), depressive disorder, and anxiety disorder. AR at 1098. The ALJ subsequently determined that Plaintiff retained an RFC for light work with additional limitations, including the limitation that she "can work *superficially* and *occasionally* with the general public and can work in the same room with coworkers but with no coordination of work activity." *Id.* at 1101 (emphasis added). The ALJ found that Plaintiff could not perform her past work, but, relying on the opinion of a VE who testified that an individual with such an RFC could perform jobs existing in significant numbers

ORDER - 2

in the economy, including hand packager, production assembler, and electronic bench worker, the ALJ concluded that Plaintiff was not disabled. *Id.* at 1110.

Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 416.920(a) (citations omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.   DISCUSSION

The sole issue before the Court is whether the ALJ erred in re-evaluating Dr. Eather's opinion, and, specifically, in rejecting his opinion that Plaintiff is "moderately limited" in her

ORDER - 3

1  "ability to accept instructions and respond appropriately to criticism from supervisors."[1] AR at
2  93.
3  On remand, ALJ Valente found Dr. Eather's opinion partially persuasive, but declined to
4  adopt Dr. Eather's particular limitation regarding Plaintiff's ability to accept instruction and
5  respond appropriately to criticism from supervisors. AR at 1106. In doing so, the ALJ reasoned
6  that the limitation conflicted with Dr. Eather's additional finding that Plaintiff is "capable of
7  occasional, superficial contact [with] coworkers, supervisors, and the public in the workplace."
8  *Id.* at 93. The ALJ further found that the limitation conflicted with Plaintiff's acknowledgement
9  in her August 2018 function statement that she gets along "excellent" with authority figures, and
10 with Plaintiff's treatment records, statements, and overall presentation. *Id.* at 1107 (citing *id.* at
11 196). Additionally, the ALJ reasoned that she had "fully compensated" for Plaintiff's cognitive
12 and social limitations with an RFC that limited Plaintiff to "simple routine tasks and occasional
13 superficial interaction with coworker[s] and the public." *Id.* at 1107. Finally, the ALJ noted that
14 the jobs identified by the VE could be performed with only "occasional" contact with a
15 supervisor. *Id.* at 1107; *see id.* at 1138 (VE testimony).
16 Under regulations applicable to this case, the ALJ is required to articulate the
17 persuasiveness of each medical opinion, specifically with respect to whether the opinions are
18 supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). An
19 ALJ's consistency and supportability findings must be supported by substantial evidence. *See*
20 *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). For the reasons below, the ALJ's February
21 2023 re-evaluation of Dr. Eather's opinion was not supported by substantial evidence.

---

[1] Previously, Judge Vaughan held that in finding Dr. Eather's opinion to be persuasive, the ALJ failed to adequately explain why he did not account for Dr. Eather's supervisory limitation in his ultimate RFC assessment. AR at 1149.

ORDER - 4

1. *Supportability*

Regarding supportability, the ALJ found that Dr. Eather's opinion regarding Plaintiff's ability to accept supervision was internally inconsistent with – and thus not supported by – Dr. Eather's finding that Plaintiff was "capable of occasional[,] superficial contact w[ith] coworkers, supervisors, and the public in the workplace." AR at 1106-07; *see also id.* at 93 (Dr. Eather's findings).

Plaintiff argues that in concluding that Dr. Eather's findings were internally inconsistent, the ALJ erred because there is a difference between Plaintiff's ability to accept instruction and handle criticism from supervisors and in her ability to tolerate "occasional, superficial" interactions. (Dkt. # 8 at 3.) The Commissioner counters that the ALJ was entitled to infer that Dr. Eather's findings conflicted and that Plaintiff's arguments otherwise are simply an "alternative interpretation[] of the record." (Dkt. # 11 at 5.) The Court disagrees, and notes that the Commissioner's position is contrary to the VE's testimony in this case and to the majority of other cases on point, including the case relied on by Judge Vaughan in the November 2021 remand order. *See* AR at 1138 (VE testimony that "accepting criticism from a supervisor" cannot be "considered a superficial interaction"); *see also id.* at 1150 (citing *Dennis v. Colvin*, 2015 WL 3867506, at *8 (D. Or. June 20, 2015)). The Court agrees with the district court in the *Dennis* case previously cited approvingly by Judge Vaughan that "limitations on interactions with the public or coworkers do not address the separate dynamic created by . . . a supervisory-related limitation in the RFC." *Dennis,* 2015 WL 3867506, at *8; *accord Sandra H. v. Saul*, 2021 WL 529787, at *5 (D. Or. Feb. 11, 2021) (same); *Mendoza v. Kijakazi,* 2022 WL 715096, at *5-6 (E.D. Cal. 2022) (listing cases and holding that ALJ harmfully erred in failing to include

supervisory limitation because "ALJ's inclusion of limited contact with the public does not subsume the limitation with supervisors and co-workers"); *Gentry v. Colvin*, 2013 WL 6185170, at *15-16 (E.D. Cal. 2013) (cited approvingly by *Dennis* court and holding that an RFC limitation regarding contact with public did not sufficiently include opined limitation regarding contact with supervisors and coworkers).

Accordingly, the ALJ's supportability finding regarding Dr. Eather's opined supervisory limitation was not supported by substantial evidence.

2.  *Consistency*

The ALJ also found that Dr. Eather's supervisory limitation was inconsistent with "treatment records, statements, and the claimant's overall presentation." AR at 1107. Plaintiff accurately notes that the ALJ, however, failed to provide any supporting citations or to otherwise specify which "statements" and "records" supported her consistency finding. The Commissioner counters by citing her own record evidence that she contends supports the ALJ's consistency findings. (Dkt. # 11 at 7-8.) The Court, however, is required to review the ALJ's decision "based on the reasoning and factual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009). Furthermore, the Court's review of "the ALJ's full explanation" in accordance with *Kaufmann v. Kijakazi*, fails to shed light on the particular records and statements to which the ALJ referred in rejecting Dr. Eather's opined supervisory limitation. 32 F.4th 843, 851 (9th Cir. 2022); *see also* AR at 1101-05 (ALJ's discussion of longitudinal record). Nor were the ALJ's unsupported consistency findings saved by the ALJ's sole reference to Plaintiff's 2018 statement that she believed she was "excellent" with authority figures. AR at 1107 (citing *id.* at 196). A single perception from Plaintiff, whose testimony the

ALJ itself discounted and who suffered from mental illness that the ALJ deemed severe at step two, did not on its own constitute "substantial evidence" that Dr. Eather's opined supervisory limitation was inconsistent with the record. *See id.* at 1098, 1103-05.

For these reasons, the ALJ's consistency findings failed to adhere to the requirements for evaluating medical evidence and were not supported by substantial evidence. *See Woods*, 32 F.4th at 792 (An ALJ "cannot reject an examining . . . doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."); 20 C.F.R. § 404.1520c(b)(2) (Under the revised articulation requirements, an ALJ must "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions" when determining how persuasive they find that source.).

In sum, neither the ALJ's supportability nor consistency findings regarding Dr. Eather's opined supervisory limitation were supported by substantial evidence.

3.   *Harmless Error Analysis*

The Commissioner argues that any error was harmless because the ALJ's RFC may be interpreted to allow for only occasional contact with supervisors, thus adequately accounting for Dr. Eather's opined supervisory limitation. (Dkt. # 11 at 9-10.) However, the Commissioner ignores the VE's testimony in this case that a supervisor's instructions and/or criticism – regardless of the frequency – cannot be considered "superficial." AR at 1138. Moreover, again, the omission of a supervisory restriction also "fails to recognize the unique relationship of a supervisor to an employee." *Dennis*, 2105 WL 3867506, at *9; *see also Harris v. Berryhill,* 2018 WL 3343219, at *11-12 (W.D. Wash. July 9, 2018) (concluding that ALJ harmfully erred in failing to properly address the opinions of physicians as they applied to Plaintiff's interaction with supervisors).

      4.    *Remedy*

Plaintiff asks the Court to remand to the Social Security Administration ("SSA") to "cure the errors." (Dkt. # 8 at 1.) The Court agrees that outstanding issues remain regarding the persuasiveness of Dr. Eather's opined supervisory limitation for which further proceedings would be helpful. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). Nevertheless, the Court acknowledges that remand will constitute the Commissioner's third "bite at the apple" in evaluating Dr. Eather's opined supervisory limitation. To the extent that the ALJ, on remand, yet again declines to adopt the supervisory limitation, the ALJ is required to provide legally sufficient reason(s) for discounting the opinion. In order to be "legally sufficient," the ALJ's reasons must be supported by an adequate explanation and substantial evidence, including citations to the supporting evidence. *See Woods*, 32 F.4th at 792. Vague and general characterizations regarding the longitudinal record absent any citations will not suffice. *See id.*

## V.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should again reconsider Dr. Eather's opined supervisory limitation and either credit it or provide legally sufficient reason(s) to discount it.

Dated this 27th day of September, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge